nine fifty nine. All right, we've got Mr. Miller here for the appellant, Mr. Sebesta and Mr. Willis here for the appellees. Mr. Miller, no hurry, but whenever you're ready. It looks like you've Good morning and may it please the court. My name is Justin Miller and I was appointed to represent the appellant Adam Brooks. Brooks filed a pro se complaint under a pseudonym because he believed that he would be compelled to disclose information of the utmost intimacy. The district court allowed him to provide his reasons for anonymity under seal where Brooks revealed his closeted transgender identity. Excuse me, counsel. Before you get to the accidental or otherwise exposure on the, after he thought, what was his good faith basis for believing he would have to expose the fact that he was transgender or homosexual or OCD? I understand the homosexual because the allegation was that it arose out of an arrest that was predicated on allegations that he had taken nude photographs, albeit in the library, and texted them to men. I can understand that might be relevant or within the realm of discovery relevant, but where does the transgender and the OCD likely come up in the litigation as we understand it from his pro se complaint? As I understand it, Your Honor, I believe that it would all come from these photos was his good faith belief. That's the basis for his arrest. And as you can see in the briefing, there was a misunderstanding about whether these photos existed at all or just whether they'd been taken in the library. So I believe that was his. Yeah, but what does that have to do with OCD? How can you look at a photograph? I've known some OCD people. Some of them are friends. One or two of them were my law clerks. They're great at searching the record, by the way. But the question is, how do the allegations in his complaint portend that it will come out he was OCD and therefore, quote, a mental disorder, which I'm not sure I would agree with, but go ahead. Yes, Your Honor. I think that the most compelling grounds for anonymity were the transgender and homosexual status. That's what our briefing focused on. You're sort of willing to back off the OCD in light of Howie Mandel, Harrison Ford, etc., etc., etc.? Yeah, we'll rest on what's already been said in the record. All right. Now, how, maybe you don't know. I couldn't tell from reading what's pertinent in parts of the record. But how would the transgender come out? A nude man, how do you tell if he's transgender or not from the photograph? As I understand it, it would be the nature of the photos. But ultimately, I think this issue is largely a red herring because the court ultimately did disclose the standard that this court has used is whether I understand, but it would be stronger if he, the plaintiff, hadn't interjected it to start with. Of course, it could have been a lot stronger, but I think this also highlights the abuse of discretion that occurred here. The district court had various options it could have done. It could have said, you know, I don't think there's a strong basis now, but I'll grant it. We'll see what happens in discovery, and then we'll revisit it. Or it could have said, you know, I'm going to deny it without prejudice, and then we'll go through discovery. Of course, if it did come up, then there'd be a lot more work on the back end, a lot more onerous than just a pseudonym. You'd probably have to seal some documents or even proceedings. But of course, the court did the one thing that it should not have done, which was publicly disclose this information on the grounds that he would not be compelled to disclose it. But only, right, and maybe I'm wrong about this, but only in an order that uses the pseudonym, right? So your client's real identity still has not been linked to his sexual orientation or transgender status. That's correct. I mean, I understand. It seems like it was bad. It was a hiccup. But I'm not sure what like harm was done. I think that respectfully, Your Honor, I think this was far more than a hiccup. If we look at what happened... All I mean is it was a mistake. It was posted publicly. It shouldn't have been. My guess is that the district court recognizes that. But so I guess what I'm asking is, but wasn't the order that was unsealed on the public docket still in pseudonymous form? Right. Which is the only reason that we could, it was still even an option to proceed under a pseudonym. At that point, it had still been preserved. Yeah. But the district court... Your argument actually is that the abuse of discretion was not letting him proceed after the order pseudonymously. Well, I can count at least three abuses of discretion here. We've already discussed the one that I think is the weakest argument, that it was just under the original circumstances. I think the first abuse of discretion is that when it denied his pseudonymity, it was on the grounds that he would not be compelled to disclose this information. And in that very same public order, disclosed and discussed that information, it said he wouldn't be compelled to disclose and then ordered him to reveal his name. Yeah, yeah, yeah. But the order to reveal the name is the first time. If he said, okay, I'm not going to allow you to do that for the time being, or no, if he had said, I'm going to require you to bring that up later and we'll discuss it and decide it, that wouldn't have been a problem. The first problem is when he said, I'm going to dismiss unless you file it in your own proper name, correct? Right. When he disclosed, he said, you're not going to be required to disclose this? Fine. Yeah, here's the thing. So you've got the nude pictures and then you've got sort of the, are you homosexual, are you transgender? Those are kind of two separate things, I guess. I guess just to go to the law on this, it looks like the law on proceeding anonymously is not so much something that I would be embarrassed about is likely to come out in the course of this litigation. It looks like our law is more like, look, the nature of this litigation is I am claiming something that might be embarrassing. So for example, the most obvious example is I'm claiming I'm committing a crime, right? And so I can't bring this claim unless I've come anonymously. The sort of things are likely to come out I'm going to be embarrassed about, gosh, that's every lawsuit, you know? And so that's my concern is that the way this sets up is we're asking questions that are really not directed towards what we should be focusing on, which is whether the nature of the claim is one where he is kind of injecting something that is going to be problematic. Can you just address that? Yeah. So I think that the standard is compelled to disclose and the most obvious version is that there's an inherent tie to the claim. But here we have a very unusual, but I think even far more compelling circumstance where the information that was alleged to be, or that intimate information was disclosed under seal to the court and then the court went and disclosed that on the public record. If our standard is compelled to disclose, it's been disclosed. At that point, disclosure is inevitable, even if not one more word is said about his transgender and homosexual status. If we look back through the case law, originally we have the three different factors of challenging government activity, compelled to disclose info of the utmost intimacy and eventually we get to the totality of the circumstances. But isn't that the case? I mean, I guess maybe I'm misunderstanding, but like so in our case about the girl's gone wild situation, I can't remember exactly. Yeah, I can't remember the name of that. But I mean, had we come out the other way in that case, there would be an opinion on the docket about everything that was in that case and we would have said, sorry, that's not enough. You have to proceed under your name. I guess, isn't the nature of adjudicating someone's request to proceed anonymously that you have to write an opinion about what they say the problem is? Right, and then they're placed to a choice of do I want to proceed in this litigation or not. We'll see that in the SMU Winn v. Jaffe case. It was denied and then they had to decide whether to pursue their claims or not. But here, the district court, we're looking for an abuse of discretion, a clear error of judgment. The district court was entrusted this information under seal, said you will not be compelled to disclose it. By the way, this is what it is on the public docket. Now reveal your name. If that's not a clear abuse of discretion in this anonymity context, I find it hard to find what one would be. The remedy you're seeking for that though is to then proceed anonymously, I guess, and I just don't know. Maybe that is the only remedy available. It just doesn't seem, like I said, the district court is necessarily having to adjudicate the request based on the information being given to it about why the plaintiff wants to proceed anonymously. Why is the remedy to the district court adjudicating that, that the plaintiff gets to proceed anonymously? It's all right. I understand there's maybe a floodgates concern. But frankly, I don't think that's here at all. I think this court could write a very simple opinion just saying, look, it's an abuse of discretion if they give you this info and you disclose it. Don't do that. You know, there's no other case that I've been able to find anywhere in the country where a judge has done something like this. So this could be a very narrow, fact-bound opinion. I'm just saying this was an abuse of discretion right here. The judge created this issue. And so the only remedy that's left is for him to proceed anonymously. Yeah, but couldn't, I mean, wouldn't another, another potential remedy just allow them to like refile? And so, you know, you've got someone's name attached to it now, but it's not the same case. And so you don't necessarily know the things that were adjudicated in the context of the motion to proceed anonymously. If you read the complaint, I think that the allegations here, and again, this is a small community too, up in Southside, you know, you'd say, wow, these two cases are exactly the same. You know, it would be one step removed. But again, the damage has been done. And really the only viable remedy here is for him to proceed anonymously. So the proper procedure, or you would say the non-abusive discretion procedure, is for the judge to issue order, the judge issued, but seal it. That would be proper. Then, then he gets to, the plaintiff gets to decide, do I proceed in my own proper name or not? He's going to throw me out if I don't do that. You would have no case, right? Right. And Chiquita, they talked about a zone of choice. So again, I understand under abusive discretion there's a broad range of choices, but that implies that there's some that are clearly impermissible. This one is clearly impermissible. And one thing that the judge could have done, he could have sealed his order. Of course, we don't like sealing entire orders unless we have to. So he could have issued the same order and just said, I've reviewed the reasons under seal. I'm not going to disclose them on the public record, but I'm going to deny it and do that in a public order. But it just made absolutely no sense for the court to do what it did here. And the court recognized that. Brooks filed his motion to reconsider, and the very next day, without waiting for a response or anything else, the court went and sealed a bunch of documents retroactively that, of course, had already been put out in the public. And so that instead of giving the only remedy that was really viable, he tried to paper it over just by retroactively sealing these documents that had already been made public. Just briefly to address, I know it's always a serious thing to ask for anonymity. We can look at future practicalities. Wouldn't he have to disclose this during trial or something like that? First of all, the overwhelming majority of cases don't actually make it to trial. If we look at Neverson, this court's opinion, they actually reversed a court who decided on the grounds that that issue, there's various things that could be done to protect his identity during trial. Or if ultimately the court decided in a proper use of discretion that he would have to testify publicly at the trial stage, again, he would have a choice. But the point here is that his choice was taken from him by the district court after he trusted his information of the utmost intimacy to that court under seal, and the court disclosed that and ordered him to reveal his name. For these reasons, we ask that the court reverse and allow Brooks to proceed anonymously. Very well. Thank you so much. You've got two minutes for rebuttal time remaining. All right, Mr. Sebesta, you're up for 10. Have I correctly pronounced your name? Yes, sir, you have. May it please the court, my name is Patrick Sebesta, and I represent the City of Southside and its agents. This is a case that is about the rule enunciated by Rule 10 and this court's precedent that ordinarily a party must proceed in their real name. Now, this court has made clear that it's only the rare and exceptional case that overcomes this constitutionally embedded presumption of openness in the courts. In cases like Doe versus Frank and SMU, this court made clear that it takes more than personal to overcome this presumption. And for that reason, the trial court's determination that the plaintiff was not entitled to proceed under a pseudonym was not an abuse of discretion. The first defect with plaintiff's argument is that the plaintiff's identity as a transgender or a homosexual person is not at the core of this suit, which is what Doe v. Stiegel required. And as discussed during the first round of argument, there's no nexus between plaintiff's status as a transgender person and his status as a homosexual person and the claims plaintiff is proceeding with against the city and these individual defendants. But isn't it part of our case law, at least we seem to have always done it, is that the court gives the plaintiff, often, do I have to be the plaintiff, the option of proceeding with it in their own proper name or dismissing. If the judge doesn't agree that anonymity is appropriate or permitted, he has to give a choice. And the strongest argument opponent and your weakest position or problem is the judge shouldn't out the person, so to speak, in a public order and then said, oh, you can now decide whether to proceed or dismiss. The damage has been done is his argument. Yes, Your Honor. And I disagree with that for a couple of reasons. First, as the court noted, that order was under a pseudonym. That court never identified the plaintiff by his real name and it ultimately sealed that order retroactively as well. So it was in the public for a series of a couple of weeks, but it's since been sealed. In that order that determined that this was not a case that was appropriate for anonymity, it did require plaintiff to file an amended complaint by a date certain, which plaintiff did not do. And ultimately, the dismissal of this action was not as the pseudonymity issue. It was plaintiff's failure to file that amended complaint timely. Certainly, Well, the amended complaint was going to have to be in the plaintiff's own name, right? That's correct, Your Honor. But ultimately, that's the issue we have is that you either get to proceed anonymously or you don't. And he gave all the reasons to the court about why he should be permitted to proceed under a pseudonym. The court determined that that's just not appropriate in this instance. And so refile your complaint. I guess the weirdness of it, I mean, I think in the normal situation that sort of makes sense to me, which is that, look, you say you want to proceed anonymously. You know, I don't think you meet the standard for that denied. The weird thing is that the district court's reasoning for saying he didn't meet the standard is that this stuff wasn't going to come up and be important and be disclosed. And then in the order denying the motion, he discloses the stuff and brings it up. So it's sort of self-defeating. Does that make sense? What are we supposed to do about that? Your Honor, well, I think we have to go back to, and this court knows well, this is an abuse of discretion standard. So we are taking a really deferential view of what the trial court did here. And there's no authority cited in plaintiff's brief that states that sealing it was legally the required appropriate response here. I think just it's the nature of the litigation. The court, there was certain information that was disclosed to the court. Frankly, this information about plaintiff status as a transgender person, as a homosexual person, it's not on the complaint. There's no indication of the record that any defendant was aware of it or acted on it. It was interjected into the litigation by plaintiff and made an issue by plaintiff. And the court was compelled to discuss it. With respect to his motion to proceed anonymously, right? I mean, that was the basis of the motion to proceed anonymously was this stuff. Yes, Your Honor. So procedurally, there was actually a show cause order directing the plaintiff to enunciate why this should not be dismissed for using a fake name or a false name rather. And plaintiff responded to that show cause order. And there was a couple of different responses that ultimately did voluntarily disclose this information. And we responded by arguing that this information just doesn't have anything to do with this lawsuit. And it is a difficult situation, Your Honor, because this information was volunteered by plaintiff. And the court is compelled in considering that information to discuss it. Yeah, but the court is not compelled to make its order detailing that information public. That's the problem. That's the twist here. And as Judge Brasher points out, your problem is that the district court said he can't do it because that's not going to come out. And then let's face it, that's the talk of the town, I'm sure, in a small town. And who is this person? And all they've got to do is wait until the guy elects to proceed in his own proper name without those scandal things. You can link it up easily. So what the district court did was decide this and exercise discretion on a mistaken basis. And we have a strong line of decision saying, I think quite properly, that if the district court has the discretion to make a decision and has some invalid inputs into making that decision that it has discretion to make, we correct it by sending it back and saying, no, you can't consider that it won't come up because it's going to come up a linkage with this order. And send it back and say, exercise your discretion without that improper decision. In other words, the district court ought to be able to revisit this, I think, untainted by its idea that it wouldn't come up and say, okay, it's going to come up, these three factors, because they're going to be linked. Now, should he be allowed, the only way to prevent that is allowing him to proceed anonymously. So should he be allowed to proceed anonymously and view the fact that I screwed it up by issuing the stay order without seal, I mean, the denial order without seal? Your Honor, we think it would be inappropriate to proceed under a pseudonym irrespective of the courts issuing that order publicly. But don't you think, in light of our precedent, that if the district court decides exercise discretion based on an invalid premise, that we send it back and say, no, no, straighten that out and you decide anew without the influence of that invalid premise? Yes, Your Honor. I think we would push back on the idea that this was an invalid premise. I think it's not going to come out after he's issued the denial, setting it all out. Well, Your Honor, I think our response would be that that order, again, was under a pseudonym and has since been sealed. And this kind of goes back to the point that plaintiff's status as a gay or transgender person has nothing to do with this lawsuit. This is a form. No, but you can't say, and there's no factual basis for saying, nobody knows what was in that order before it got sealed. I can't say that, Your Honor, because it was public for a series of couple weeks. Yeah. But I think when we consider the fact that it is an abuse of discretion standard and we look at the very high burden that you have to meet in order to proceed under a pseudonym, the court refers to this as a constitutionally embedded presumption. It takes a lot. The question is, is this one of those rare and exceptional cases, exceptional cases, even with the disclosure of that information for a series of a couple weeks in an order under a pseudonym? All right. You're dropping back to the fact, basically, harmless error because the district court would have denied it anyway. Yes, Your Honor, the court would have denied it. You don't know that the district court would deny it when the district court gives us a basis, the fact that it's not going to come out. You don't know if the district court had said, okay, it's going to come out, which his best argument is the way we ought to view this now because it's not his fault the district court didn't seal that. Right. You can't say that we know the district court would have reached the same decision without giving the district court an opportunity to do it and say, look, it's going to come out. It's an abuse of discretion to think it's not going to come out given all the circumstances, including the small town and including how long that order was out there. So you've got to revisit it and exercise your discretion about whether the fact this will come out will be bootstrapped into the litigation should you deny him the right to proceed anonymously or not. It is our contention that the court should deny him the right to proceed anonymously because we contend that that consideration of this factor, which we will concede it would have been preferable if that order was sealed. We're happy to concede that, but because this is such a high burden that plaintiff must demonstrate. Which court should deny him that? The district court was correct in denying him the right to proceed under a seat. On the wrong basis. I think they decided on the correct basis. Well, the district court also denied his motion for reconsideration, right? And said, I'm not reconsidering my anonymity order. So, I mean, it's not like we don't know what the district court thinks about the fact that the district court inadvertently disclosed this information. Right, Your Honor. And I think we can ascertain that from the fact that the trial court did ultimately seal that order. The motion for reconsideration was really based on the idea of this mugshot, this Carr and Santis case. It was a little different. It was really just a relitigation of the information that was already in the record. And, of course, that's also an abuse of discretion standard, and the court did deny that motion for reconsideration. I see that I'm over. Yeah, you're good. I think we have your case. The good news is you've got a colleague you're sharing time with. That's right. Thank you, Mary. Mr. Willis, let's hear from you. Mr. Presiding Judge, and may it please the Court. My name is Josh Willis, and I represent Etowah County in this matter. With my five minutes, I'd like to discuss alternative grounds that this court could dismiss the appellant's claims should it find that he's allowed to proceed anonymously. Our reasons are threefold. First, we're not asking this court to modify the lower court's dismissal without prejudice. Second, the law that our grounds lay on is straightforward and well settled. And third, from a practical standpoint, because of the statute of limitations had run on the county as well as the false light claim, there was, in effect, a dismissal with prejudice, and there would be no modification of the party's rights. To my first point, this court has repeatedly held that it may affirm a dismissal on any ground found in the record, regardless of whether that was considered by the lower court in finding its dismissal. The appellant, in his reply brief, states that N. Ray Breland stands for the fact that Etowah County cannot seek dismissal with prejudice without a cross appeal. Appellant misconstrues what we're asking this court to do. We're happy if the dismissal remains as a dismissal with prejudice because we understand that as that the appellant would be able to bring any cognizable claim that he would be able to identify. You mean remains dismissal without prejudice? Without prejudice, yes, Your Honor. Because we understand that the appellant would be able to bring any cognizable claim that he's able to identify that arose out of this same transaction occurrence. So if you agree with the judgment, why are you attempting to change the judgment? Well, we're not attempting to change the judgment. Of course you are. He dismissed it without prejudice. You're asking us to affirm on the grounds that it was dismissed with prejudice, which it wasn't dismissed with prejudice. I respectfully disagree, Your Honor, because I would say that this court has the ability to give the relief that the county seeks, and that is to dismiss the plaintiff's claims on the merits without us filing a cross appeal. And I would point the court to Silberman v. Miami-Dade Transit. That site is 927 F. 3rd 1123. In that case, this court held that where a district court has erroneously dismissed a complaint on a particular ground but has done so without reaching the merits of the dismissal of the complaint, the dismissal must nevertheless be affirmed if the complaint fails to state a claim. But that may be true if the original dismissal was with prejudice, but you can't convert a without prejudice dismissal to a with prejudice affirmance without a cross appeal. Well, Your Honor, in Ray Breland, the issue was that the plaintiff was determined to not have standing, and the court said that you can't convert that. You can't decide the merits of the case without a cross appeal. The same thing was true. I think truly, I think the only thing that really matters, like we write these opinions to explain to the bar and to the public what sort of what we mean, but the only thing that has any legal effect is the last line, the decretal language that says, you know, sort of affirmed for this court, affirmed, reversed, vacated, whatever. For the district court, dismissed, dismissed with prejudice, dismissed without prejudice. And I don't, I just don't think you can convert a judgment, a without prejudice judgment to a with prejudice judgment on appeal without a cross appeal. You haven't, you've increased the rights of the party. Well, Your Honor, I see that my time is running down. So in order to be judicious with it, I'll move to my third point. As it relates to the Fourth Amendment claim against the county and the false light claim against the county, this court's, the lower court's dismissal was without prejudice, but it was after the statute of limitations had run on that Fourth Amendment claim. So therefore, it was in effect a dismissal with prejudice. And this court has held that numerous times. As far as the state law claim goes, the false light claim, it was never filed within the statute of limitations. It was filed two months after the statute had run. So it's always been due to be dismissed. So we would say that even if this court were to dismiss those claims with prejudice, there would be no enlarging of the rights of the parties or lessening of the rights of the parties because the outcomes would be the same. And for those reasons, we would ask the court to affirm the lower court's dismissal of the claims against the county. Okay, very well. All right, Mr. Miller, two minutes. Yes, Your Honor. First, just to clarify something, the basis for the motion to reconsider was not the photos that was the second motion to reconsider. The first motion, if you look at page three, first point, doc 56, this court's outing of plaintiffs transgender, dot, dot, dot. That was the basis for the first motion. Yeah, and so just to cut you off, the district court denied that motion and said I'm not going to let you proceed anonymously even though I accidentally outed you. Right. Is there any reason for us to remand for the district court to do that again? No, going to the remedy point. I think take a good look at the plaintiff B.V. Francis case. In that case, there was one plaintiff that this court just reversed and said this one clearly needs anonymity. There were two other plaintiffs where they said this is a little more iffy. Let's go back and remand. Here, it's clearly, you know, the cow's out of the barn. There's nothing else to be done here. The remedy is just to reverse and allow anonymity here. My friend began by discussing, you know, this is, you know, ordinarily the rare case, the exceptional case. If this isn't the rare and exceptional case, I don't know what is. Again, the court should write a very narrow opinion on the facts of this case. The basis, or my friend's argument was that, you know, the order was under a pseudonym, but of course, he was ordered to file it under his name. He says that it's since been sealed. Of course, he conceded that it would have been preferable had it been sealed, and I think we can all agree on that point. So really, we're just discussing the degree of harm and not whether there was actually any harm. And when we look at the district court's... Or whether there would be any harm in his final order. Correct, Your Honor. Yes, whether there would be any harm once he complies with the court's order to file it under his name. Or dismiss. Or dismiss. And again, the discussion about, you know, whether this was interjected, we have to remember this was a pro se plaintiff. He was doing the best he could. Some leeway should be granted there on some of these procedural technicalities. And ultimately, he did provide it under seal, and it was the court that revealed it. For these reasons, we ask that the court reverse and allow Brooks to proceed anonymously. Thank you. Very well. Thank you. And Mr. Miller, we note that you were appointed. We appreciate you taking the case in your service to the court. Thank you. Okay. Case is submitted. We'll move to the third case.